DAVID L. PRINCE (SBN 113599)
MILES L. PRINCE (SBN 298823)
1912 E. Vernon Ave., Ste. 100
Los Angeles, CA 90058
Telephone: (323) 234-2989
Facsimile: (323) 234-2619
miles@redchamber.com

Attorneys for Defendants, **JOHN C. KIRALLA**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN C. KIRALLA, *et al.*,<br><br>　　　　Defendants. | **CASE NO. 2:16-cv-01480-psg-rao**<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PER FED. R. CIV. PROC. RULE 12(c);**<br><br>Date: December 4, 2018<br>Time: 1:30 p.m.<br>Courtroom: 6A<br><br>Trial Date: January 2, 2018<br><br>Judge: Hon. Philip S. Gutierrez |

## I. PLAINTIFF RECOGNIZES THE COURT HAS LOST ITS ORIGINAL SUBJECT MATTER JURISDICTION.

Defendant, John C. Kiralla ("Kiralla"), brings the current motion for judgment on the pleadings, alleging Plaintiff, Chris Langer's ("Plaintiff"), claims under the Americans with Disabilities Act are now moot, as the property is no longer a public accommodation and the complained barriers have been removed. This has the ultimate effect of removing the Court's original subject matter jurisdiction, and should the Court decline to retain its supplemental jurisdiction over the remaining state law claim, requires judgment in favor of Kiralla.

Plaintiff's opposition fails to address or oppose several key facts:

1. The alleged barriers have been removed.
2. The property is no longer a public accommodation.
3. All of Plaintiff's federal law claims are now moot.
4. Should this Court decline to retain supplemental jurisdiction over the state law claim, dismissal is required.

With no basis to disprove or challenge any of the above, Plaintiff's opposition is left to solely focus on aiming to convince the Court it should retain supplemental jurisdiction over the single state law claim remaining. It is unconvincing.

## II. THE COURT SHOULD DECLINE TO RETAIN SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIM.

Plaintiff wrongly suggests that "The parties have fully and completely litigated the case. All that is required is for the Court to rule on the plaintiff's motion for summary judgment on the state claim." ECF 52, 5:12-13. However, this is simply not true. Plaintiff glosses over the fact it is merely moving for *partial* summary judgment. *See* ECF 46. This is presumably because Plaintiff intends to

-1-
REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

then begin to litigate the issue of attorney's fees. Accordingly, it is simply not true when Plaintiff suggests "the case is ready to be put to bed" or he would have moved for summary judgment, not partial summary judgment. *See id.*, 5:19.

Instead, judicial economy and comity undoubtedly favor leaving this purely state law dispute for the state courts. Allowing the matter to be resolved in state court would allow Kiralla to take advantage of Cal. Civ. Code § 55.53 *et seq.* Recent amendments to the statute to which Plaintiff bases his state law claim allow Kiralla to seek a mandatory case evaluation conference with the court. If corrections can be demonstrated (which Plaintiff concedes have been done here) the statutory damages are reduced to either $2,000 or $1,000, as opposed to the full $4,000 Plaintiff seeks from this Court on the partial summary judgment motion. *Id.*, § 55.54.

It is hard to imagine how Plaintiff would not now be judicially estopped from suggesting Kiralla is somehow not entitled to such a reduction. This Court simply does not have the program developed to administer the mandatory early evaluation conference created by state statute, which is why the claim is better addressed now by the state court. It would be manifestly inequitable for this Court to elect to retain jurisdiction and award Plaintiff the full statutory damages, when Plaintiff has made admission of all factual issues Defendant will need to show to earn the reduction in statutory damages from the state court.

The State of California has come up with a unique program to address issues previously identified in the state statute Plaintiff bases his claim for relief. The program is administered everyday by state courts. This is the perfect example of a claim best handled by state courts, as opposed to federal courts. All relevant factors now require this Court decline to retain supplemental jurisdiction over this dispute, which Plaintiff plainly recognizes is solely concerning California law.

## III. CONCLUSION

The Court should the motion for judgment on the pleadings; the Court has lost its original subject matter jurisdiction, and all considerations strongly weigh in favor of refusing to retain supplemental jurisdiction over the remaining state law claim.

DATED: November 20, 2017

                                                    /s/ *Miles L. Prince*_____
                                                    **MILES L. PRINCE**
                                                    **Attorney for Defendant**
                                                    **JOHN C. KIRALLA**