CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**John C. Kiralla;**<br>**Richard Raya**;<br><br>　　　　Defendants. | **Case:** 2:16-CV-01480-PSG-RAO<br><br>**Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment**<br><br>Date:　December 4, 2017<br>Time:　1:30 p.m.<br>Ctrm:　6A (6th Floor)<br><br>Hon. Judge Philip S. Gutierrez |

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.     PRELIMINARY STATEMENT

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id*. The court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

Here, there is no triable issue of fact as to whether Plaintiff is entitled to a single statutory penalty of $4,000 under the Unruh Civil Rights Act. The Court should retain jurisdiction and grant Plaintiff's motion.

## II.     THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION

As discussed fully in Plaintiff's opposition to Defendant's motion for judgment on the pleadings, there is no basis for the court to decline extending supplemental jurisdiction over Plaintiff's state law claims.

Principles of fairness, judicial economy and convenience to the parties all weigh in favor of the court retaining jurisdiction in this case that has been litigated for over 18 months and is now presently fully briefed before the court. (See Dkt. No. 52, Plaintiff's Opposition Brief).

### III. PLAINTIFF'S DECLARATION

Next, the defense alleges that Plaintiff failed to provide any evidence regarding his visit and his disability. Due to a clerical error, Mr. Langer's declaration was not properly filed. A copy of Mr. Langer's declaration is attached to this reply. Mr. Langer's declaration, which was marked as Exhibit 2, was referenced throughout Plaintiff's motion and also clearly referenced in Plaintiff's Statement of Undisputed Facts. Mr. Langer's declaration states that he is a paraplegic who cannot walk, relies on wheelchair for mobility, and drives a specially equipped van. Mr. Langer's declaration also outlines his visit to the gas station. (Langer Decl. ¶¶ 4-6). The defense does not even suggested that it has any evidence to dispute these claims.

### IV. DEFENDANTS FAILED TO PROVIDE PROPERLY MARKED AND DESIGNATED PARKING

Finally, the defense claims that Plaintiff failed to allege a physical architectural barrier with respect to the parking. As noted in Plaintiff's moving papers, a defendant violates the ADA when they fail to maintain the accessible features of its property in a way that makes them useable for persons with disabilities. 28 C.F.R. § 36.211(a). The regulations further state that "it is not sufficient to provide features such as accessible routes, elevators or ramps, if those features are not maintained in a manner that

enables individuals with disabilities to use them." 28 C.F.R., Part 36, Appendix C, § 36.211.

Here, the defense does not dispute that the access aisle was blocked, as alleged. However, the defense inaccurately describes the access aisle as being blocked by a "patio table and umbrella." In fact, photographs show that the access aisle was blocked by multiple patio tables and a large pop-up tent structure being held down by four rows of cinder blocks. (Plaintiff's Ex. 4, Photos by Evens Louis, p. 2). Thus, the defense's argument that the access aisle and parking space was still "useable" in this condition is borderline frivolous as it would require that Plaintiff, in his wheelchair, move each patio table out of the way and disassemble the pop-up tent, just to be able to park in an access aisle that should have been reserved for him in the first instance.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his motion.

Dated: November 20, 2017                    Center for Disability Access

                                            */s/ Isabel Rose Masanque*
                                        By: _____
                                            Isabel Rose Masanque
                                            Attorneys for Plaintiff

4