UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 16-1480 PSG (RAOx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | Chris Langer v. John C. Kiralla et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendants' motion for judgment on the pleadings and finding Plaintiff's motion for partial summary judgment RENDERED MOOT

Before the Court are a motion for partial summary judgment filed by Plaintiff Chris Langer ("Plaintiff"), *see* Dkt. # 46 ("*MSJ*"), and a motion for judgment on the pleadings filed by Defendants John C. Kiralla and Richard Raya ("Defendants"), *see* Dkt. # 47 ("*Mot.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendants' motion for judgment on the pleadings and finds that Plaintiff's motion for partial summary judgment is **RENDERED MOOT**.

I.  Background

Defendant Kiralla owns the real property located at 741 S. Soto Street in Los Angeles ("the Property."). *See Complaint*, Dkt. # 1, ¶¶ 2–3 ("*Compl.*"). Prior to last year, and for many years previous, Kiralla leased the Property to Defendant Raya, who operated the Carnitas Michoacan restaurant ("the Restaurant"). *Mot.* 1:3–5; *Compl.* ¶ 5. Plaintiff, who is a paraplegic and uses a wheelchair for mobility, visited the Restaurant in September 2015. *Compl.* ¶¶ 1, 10. At that time, Plaintiff observed that there were no compliant parking spaces for persons with disabilities, and that the only parking space so designated was obstructed by a patio structure that rendered it unusable. *Id.* ¶¶ 12–15. Plaintiff also alleges that the Restaurant's counter did not include a lowered portion for use by persons in wheelchairs, and that the restroom's doorway and toilet stall were inaccessible to wheelchair users. *Id.* ¶¶ 19, 21–24.

Plaintiff filed a complaint in this Court on March 3, 2016, asserting a violation of the Americans with Disabilities Act of 1990 ("ADA"), *id.* ¶¶ 35–51, and a violation of California's Unruh Civil Rights Act, *id.* ¶¶ 52–54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1480 PSG (RAOx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | Chris Langer v. John C. Kiralla et al. | | |

Defendants filed their motion for judgment on the pleadings on October 16, 2017, arguing that Plaintiff's ADA claim is now moot because "the Property is no longer a public accommodation and the complained [of] barriers have been removed." *Mot.* 1:12–13. Defendants urge this Court to decline to retain supplemental jurisdiction over the remaining state law claim. *See generally id.*

II.  Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b)(6). *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, on a Rule 12(c) motion, all material allegations of the non-moving party must be accepted as true and construed in the light most favorable to that party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A Rule 12(c) motion is properly granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* Although detailed factual allegations are not required to survive a motion under Rule 12(b)(6) or Rule 12(c), a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

III. Discussion

Because Defendants' motion for judgment on the pleadings disposes of this case, the Court will first address it first.

    A.  Defendants' Motion for Judgment on the Pleadings

        *i.  ADA Claim*

Defendants argue that Plaintiff's ADA claim is now moot. The Court agrees.

A claim is rendered moot, and thus does not present a live "case or controversy," when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" and there is no reasonable expectation that the alleged violation will recur. *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979). While the ADA authorizes a court to provide injunctive relief to ensure that public facilities are "readily accessible," "a defendant's voluntary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1480 PSG (RAOx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | Chris Langer v. John C. Kiralla et al. | | |

removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). When a defendant voluntarily modifies a property to remedy alleged ADA violations, the plaintiff no longer has a live case or controversy because the only relief to which she should be entitled is an injunction to that effect. *See, e.g.*, *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005).

Here, Defendants note that the Restaurant has been demolished and is no longer open to the public and, accordingly, the barriers to which Plaintiff objected no longer exist. *See Declaration of David L. Prince*, Dkt. # 47, ¶¶ 2–5 ("*Prince Decl.*").[1] As Defendants correctly conclude, "[t]he fact that the Property is no longer open to the public and the entirety of all pre-existing structures have been removed show that there is absolutely no possibility that [Plaintiff] might suffer the same alleged injuries." *Mot.* 3:10–14. Therefore, the Court agrees that Plaintiff's ADA claim is moot.[2]

  *ii.*  *Supplemental Jurisdiction*

The Court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §§ 1367(c), (c)(3). The factors to be considered in whether to retain supplemental jurisdiction over a state law claim include judicial economy, convenience, fairness, and comity. *See O'Connor v. Nevada*, 27 F.3d 357, 363 (9th Cir. 1994).

Here, the Court originally exercised federal question jurisdiction over Plaintiff's ADA

---

[1] The Court can consider this declaration because, although motions for judgment on the pleadings are usually restricted to the material contained in the pleadings, Defendants here are mounting a factual attack on Plaintiff's assertion of subject matter jurisdiction, and so extrinsic evidence can be considered. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[2] Defendants also point out that the ADA applies only to a property that is a "place of public accommodation," 42 U.S.C. § 12182(a), and the Property is now fenced off from public access and is an active construction site. *See Prince Decl.* ¶¶ 2–5. Furthermore, "[t]he Ninth Circuit has stated that the 'ordinary meaning' of the ADA's prohibition against 'discrimination in the enjoyment of goods, services, facilities or privileges, is "that *whatever* goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services."'" *National Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 955 (N.D. Cal. 2006) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000)) (emphasis in original). As Defendants note, "[t]he Property today provides no goods or services. It is impossible for any person, [Plaintiff] or otherwise, to be discriminated on the basis of disability (or any other basis) in enjoying the Property, as no members of the public are allowed or permitted onto the Property." *Mot.* 3:25–28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1480 PSG (RAOx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | Chris Langer v. John C. Kiralla et al. | | |

claim and supplemental jurisdiction over his state law Unruh Civil Rights Act claim. Because the Court finds that the ADA claim is now moot, only the state law claim remains. In considering the factors enumerated above, the Court adopts the position of another court in this District, which was confronted with this very issue in another case brought by Plaintiff:

> In the present case, the Court will not be retaining any federal claims, so there is no concern that declining supplemental jurisdiction will undermine judicial economy. Furthermore, as the only legal issues to be decided are predominantly—if not exclusively—state law issues under the Unruh Civil Rights Act and the California Disabled Persons Act, the comity factor does not appear to be implicated. Plaintiff has not been unfairly deprived of an opportunity to vindicate his rights, as he may prosecute his state law claims in state court. Finally, while the court recognizes that litigation of a new suit in state court may create some inconvenience to Plaintiff, he has made no showing of extraordinary or unusual circumstances.

*Langer v. McKelvy*, No. CV 14-08842-RGK (JPRx), 2015 WL 13447522, at *2 (C.D. Cal. Sept. 24, 2015), *aff'd*, 677 F. App'x 363 (9th Cir. 2017). The Court agrees with the reasoning and conclusions of the *McKelvy* court. It also notes that, in contrast to a case where a "district court was eminently familiar with the facts and issues," *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985), or one that "involved over eleven months of often heated pretrial litigation" and in which "[t]he district court had already issued numerous memoranda and orders," *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 546 (2d Cir. 1989), the Court here is not intimately familiar with the facts of this case because these are the first substantive motions that is has considered. Judicial economy would not be served by exercising supplemental jurisdiction, especially considering that the parties' pretrial efforts in terms of discovery and preparation can be put to use in state court. Furthermore, Plaintiff has not demonstrated extraordinary or unusual circumstances in this case. *See generally Opposition to Defendant's Motion to Dismiss*, Dkt. # 52. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to Plaintiff's remaining state law claim.

    B.    <u>Plaintiff's Motion for Partial Summary Judgment</u>

Because the Court declines to exercise supplemental jurisdiction over the remaining claim, it finds that Plaintiff's motion for partial summary judgment is **RENDERED MOOT**.

IV.    <u>Conclusion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-1480 PSG (RAOx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | Chris Langer v. John C. Kiralla et al. | | |

    For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings and finds that Plaintiff's motion for partial summary judgment is **RENDERED MOOT**.

    **IT IS SO ORDERED.**